*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4713-GHK (PLAx) | Date | June 28, 2012 |
|---|---|---|---|
| Title | *Graciela Gutierrez, et al. v. U.S. Bank, N.A., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order to Show Cause

On May 30, 2012, the twenty individual Plaintiffs in this action filed suit against seven Defendants on claims arising from separate mortgages on thirteen distinct properties. The claims include: (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of the Helping Families Save their Homes Act of 2009; (5) violation of the Fair Debt Collection Practices Act; (6) violation of California Business and Professions Code §§ 17200 and 17500; (7) accounting; (8) constructive trust; (9) wrongful foreclosure; (10) to void or cancel trustee's deed upon sale; (11) quiet title; (12) breach of contract; and (13) civil conspiracy.

It appears that the Plaintiffs have not been properly joined in this action. Federal Rule of Civil Procedure 20(a) provides that individuals "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law of fact common to all plaintiffs will arise in the same action." *See also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (2d ed. 1995) (Rule 20(a) "imposes two specific requisites to the joinder of parties. . . . Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)."). Though "misjoinder of parties is not a ground for dismissing an action," we may *sua sponte* drop improperly joined parties. Fed. R. Civ. P. 21; *accord Bravado Int'l Grp. Merch. Servs. v. Cha*, No. CV 09-9066 PSG (CWx), 2010 WL 2650432, at *5 (C.D. Cal. June 30, 2010) ("Federal Rule of Civil Procedure Rule 21 governs the misjoinder of parties and permits the court '[o]n motion or on its own . . . at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party.'" (quoting Fed. R. Civ. P. 21)).

We have considerable discretion in choosing to drop parties. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). An accepted practice under Rule 21 is to "dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (quotation marks omitted). Accordingly, Plaintiffs are **hereby ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS hereof**, why all but the first named Plaintiff, Graciela Gutierrez ("Ms.

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4713-GHK (PLAx) | Date | June 28, 2012 |
|---|---|---|---|
| Title | *Graciela Gutierrez, et al. v. U.S. Bank, N.A., et al.* | | |

Gutierrez"), should not be dismissed without prejudice to the institution of new, separate lawsuits. *See Martinez v. Encore Credit Corp.*, No. CV 09-5490 AHM (AGRx), 2009 WL 3233531, at *2 (C.D. Cal. Sept. 30, 2009) (finding that the claims of "19 Plaintiffs . . . arising out of distinct factual scenarios involving mortgages on 15 separate properties . . . ha[d] not been properly joined"). Failure to timely and adequately show cause as required herein shall be deemed Plaintiffs' admission that they have been improperly joined in this single action. In that event, the claims of all but Ms. Gutierrez, the first named Plaintiff, will be dismissed without prejudice, and all Defendants except for the Defendants whom Ms. Gutierrez alleges to be liable to her (U.S. Bank, N.A. and BAC Home Loans Servicing, LP) will be dismissed. The dropped Plaintiffs may then file separate actions, under new case numbers, against the applicable Defendant or Defendants, should they choose to do so.

**IT IS SO ORDERED.**

                                                                                                   :

Initials of Deputy Clerk    IR for Bea